UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>FABIAN NOPERI<br>    Defendant. | CRIMINAL NO. 5:21-10-KKC<br><br><br>**OPINION & ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the defendant's motions for a sentence reduction and to appoint counsel. (DEs 90, 91.) For the following reasons, those requests are denied.

The defendant first seeks the appointment of counsel for the purpose of determining whether he is entitled to a sentence reduction. "The right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021). Here, the defendant has no right to appointed counsel because no appeal has been taken and the time for filing such has long passed. Accordingly, the defendant's motion to appoint counsel is denied.

The defendant next seeks a sentence reduction based on Part A of Amendment 821 to the Sentencing Guidelines and filed pursuant to 18 U.S.C. § 3582(c)(2). In determining whether to grant a defendant's motion filed pursuant to § 3582(c)(2), the Court conducts a two-step analysis. It first determines if a defendant is eligible for a sentence reduction consistent with USSG §1B1.10. Second, it considers whether any sentence reduction is warranted. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Here, the defendant is ineligible for a sentence reduction at step one. To be eligible for a reduction consistent with USSG §1B1.10, two requirements must be met: (1) the Sentencing Commission must have lowered the sentencing range the defendant's sentence was based upon after they were sentenced, and (2) application of the new guideline amendment must "lower [] the defendant's applicable guideline range." *United States v. Hameed*, 614 F.3d 259, 260 (6th Cir. 2010) (citations omitted).

As applied to the defendant here, Part A of Amendment 821 does not "lower [] the defendant's applicable guideline range." *Hameed*, 614 F.3d at 260. At the time of sentencing, the defendant's total criminal history score was six, which included two points for status. (DE 68.) At total offense level 35 and criminal history category III, the defendant's guideline range was 210 months to 262 months. When Part A of Amendment 821 is applied to the defendant's guideline calculation, his criminal history score becomes four. This does not change his applicable guideline range, as a criminal history score of four, like the original score of six, lands the defendant back in criminal history category III. *See* USSG § 5A. Accordingly, his guideline range remains 210 months to 262 months.

Based on the foregoing, it is hereby ORDERED that

(1) the defendant's motion for a sentence reduction (DE 90) is DENIED; and

(2) the defendant's motion to appoint counsel (DE 91) is DENIED.

June 2, 2025



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY